# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GOMEZ, JR., | 1:06-cv-00244-AWI-WMW (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| MALFI, et. al., | (Doc. 11) |
| Defendants. | |

## I. SCREENING ORDER

Anthony Gomez, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed the Complaint on March 3, 2006. (Doc. 1.) The Court screened and dismissed the Complaint with leave to amend. (Doc. 6.) Plaintiff filed the First Amended Complaint on October 23, 2006. (Doc. 11.)

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.** **Summary of Plaintiff's Complaint**

Plaintiff is currently housed at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, but complains of acts that occurred while he was housed at Sierra Conservation Center ("SCC") in Jamestown, California. Plaintiff names eight defendants: Dr. Thamatos; Registered Nurses Reich, Conant, and Chang; x-ray specialist Helen; Correctional Officer Mendoza; Sergeant Gamez; and Lieutenant Drew. Plaintiff seeks monetary damages.

Plaintiff's allegations revolve around not receiving adequate medical care for an injury to his right hand. Plaintiff fails to state any cognizable claims, but may be able to amend to correct the deficiencies in his pleading so as to state additional cognizable claims. Thus, he is being given the applicable standards based on his stated claims against the each defendant and leave to file a first amended complaint.

**C.** **Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as brief and concise as possible and refrain from any legal argument and/or citations. He should merely state which of his constitutional rights he feels were violated by each defendant and its factual basis.

**2. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clarify which Defendant(s) he feels are responsible for any violation(s) of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

### D. Claims for Relief

#### 1. Deliberate Indifference to Serious Medical Needs

Plaintiff's allegations revolve around not receiving adequate medical care of an injury to his right hand.

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S.

4

825, 834 (1994). Plaintiff's allegations that there were questions as to whether his had was fractured, establishes the existence of a serious medical need.

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. "[T]he officials' conduct must constitute ' " 'unnecessary and wanton infliction of pain' " ' before it violates the Eighth Amendment. Hallett v. Morgan 296 F.3d 732, 745 (2002) quoting Estelle, 429 U.S. at 104, 97 S.Ct. 285 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)); see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (*quoting* Whitley, 475 U.S. at 319). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.

1988).  Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*).  Only delays that cause substantial harm violate the Eighth Amendment.  Berry v. Bunnell 39 F.3d 1056, 1057 (1994) citing Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).

Plaintiff alleges that on October 22, 2005, he suffered an injury to his right hand.  He was seen by R.N. Olsen (not a named defendant) who gave him an ace bandage and recommended he see a doctor and needed an x-ray. (Doc. 11, 3.)  On that same date, even though Plaintiff never saw them, Plaintiff alleges that R.N. Reich documented swelling to Plaintiff's hand after an incident on the yard and notified Dr. Thomatos who recommended an ace bandage be given to Plaintiff, that an x-ray be taken, and that Plaintiff follow up with a physician if needed.  (Id. at 8.) These allegations do not show that R.N. Reich and/or Dr. Thomatos were deliberately indifferent to Plaintiff's hand condition.  Thus, Plaintiff fails to state cognizable claims against either R. N. Reich and/or Dr. Thomatos for being deliberate indifferent to his serious medical needs.

Plaintiff further alleges that from October 22, 2005 through November 10, 2005, he had numerous "KTA's" submit medical requests for him. (Doc. 11, 4.)  Plaintiff asked C/O Mendoza for medical attention and was told it would be looked into. (Id.)  When Plaintiff indicated he was in extreme pain, C/O Mendoza said "Ah, oh well motion." (Id.)  Plaintiff did not get medical attention that day. (Id.)  Plaintiff attempted to secure medical attention, but was unable to. (Id.) After a disciplinary hearing, Plaintiff asked Sgt. Gamez about being scheduled to be seen, and Sgt. Gamez told Plaintiff to stop crying. (Id. at 5.)  Plaintiff fails to state cognizable claims against C/O Mendoza and/or Sgt. Gamez because, while he shows they intentionally denied/delayed his access to medical care, he fails to show that he suffered substantial further injury as a result of their actions.

6

On November 14, 2005, Plaintiff was escorted to x-ray technician Helen who confiscated the ace bandage feeling Plaintiff did not need it. (Id.) On November 18, 2005, Plaintiff was seen by a physician who prescribed pain relievers and a hand-splint. (Id. at 6.) However, Plaintiff did not receive the hand-splint. (Id.) On November 27, 2005 a call was placed to x-ray technician Helen who advised that she had Plaintiff's hand-splint, but now was not certified to bring it or put it on Plaintiff. (Id.) These allegations against x-ray technician Helen are not cognizable as Plaintiff fails to state any allegations that x-ray technician Helen's interference/delay of his treatment caused him substantial harm that he would not have otherwise incurred.

After Plaintiff begged, Lt. Drew called and spoke with R.N. Conant who told Lt. Drew that she saw Plaintiff's x-ray report and it said his hand was not broken so there was no more need for the hand-splint and that Plaintiff should be doing therapy and working out. (Id. at 6-7.) However, the x-ray report actually stated that the results were unclear and another x-ray was recommended. (Id.) These allegations against R.N. Conant are not cognizable as Plaintiff fails to state any allegations that R.N. Conant's interference/delay of his treatment caused him substantial harm that he would not have otherwise incurred.

Plaintiff showed his disfigured hand to Lt. Drew to convince him it was fractured, but Lt. Drew told Plaintiff an old football story, showed Plaintiff his own hand, and told Plaintiff to suck it up. (Id. at 7.) Plaintiff told Lt. Drew he had been prescribed a hand-splint to no avail. (Id.) These allegations do not state a cognizable claim against Lt. Drew for being deliberately indifferent to Plaintiff's serious medical need since he was acting on information he had been provided by medical personnel (R.N. Conant) and Plaintiff fails to state any allegations that Lt. Drew's interference/delay of his treatment caused him substantial harm that he would not have otherwise incurred.

On December 4, 2005, Plaintiff asked Sgt. Strapola (not a named defendant) to call to ascertain the whereabouts of his hand-splint. (Id.) R.N. Chang advised that a hand-splint had not been prescribed and Plaintiff did not need one. (Id.) These allegations against R.N. Chang are not cognizable as Plaintiff fails to state any allegations that R.N. Chang's interference/delay of his treatment caused him substantial harm that he would not have otherwise incurred.

**2. Supervisory Liability**

To the extent that Plaintiff named Defendants Dr. Thamatos, Sgt. Gamez, and Lt. Drew because they hold supervisory positions he is advised that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff's allegations against the defendants based on their personal participation in alleged deprivation(s) of constitutional rights have been previously discussed. Plaintiff has not alleged any facts indicating that any of the defendants knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

**II. CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions

complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that a first amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and

9

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 20, 2009**                           **/s/  William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE