# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY JR. GOMEZ, | ) | CASE NO. 1:06-cv-00244-AWI-YNP PC |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION |
| v. | ) | |
| WARDEN MALFI, et al., | ) | (Doc. 18) |
| Defendants. | ) | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Anthony Jr. Gomez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California Substance Abuse Treatment Facility and State Prison ("CSATF-SP") in Corcoran, California. However, the events described in Plaintiff's complaint took place while he was incarcerated at the Sierra Conservation Center ("SCC") in Jamestown, California. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names Malifi (warden), Thomatos (physician), Peterson (physician), Helen (x-ray technician), Reich (registered nurse), Conant (registered nurse), Chang (registered nurse), Mendoza (correctional officer), Gamez (correctional sergeant), and Drew (correctional lieutenant) as defendants. For the reasons set forth below, the Court finds that Plaintiff's second amended complaint fails to state any cognizable claims. The Court will recommend that Plaintiff's claims be dismissed with prejudice.

///

///

1

I.      **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

II.     **Background**

   A.      **Procedural Background**

This action was transferred to this Court from the Northern District of California on March 3, 2006. (Doc. #1.) On September 6, 2006, the Court dismissed Plaintiff's complaint for failure to state any claims upon which relief can be granted. (Doc. #6.) Plaintiff was given leave to file an

amended complaint. On October 23, 2006, Plaintiff filed his first amended complaint. (Doc. #11.) Plaintiff's first amended complaint was screened and dismissed by the Court on May 20, 2009. (Doc. #12.) The Court again found that Plaintiff's complaint failed to state any claims and gave Plaintiff leave to file an amended complaint. On July 6, 2009, Plaintiff filed his second amended complaint. (Doc. #18.) This action proceeds on Plaintiff's second amended complaint.

**B.      Factual Background**

Plaintiff suffered a severe injury to his right hand on October 22, 2005. Plaintiff was told that his hand was probably broken and that he would need medical attention as soon as possible. Plaintiff was told that he would be scheduled to see a doctor on October 24, 2009. Plaintiff was in tremendous pain, but was not given any pain medication.

On October 23, 2005, Plaintiff asked a psychiatric technician for pain medication. The technician gave Plaintiff some pain medication, but Plaintiff did not receive a prescription for medication in the future. Plaintiff was not given any pain medication and did not see a doctor from October 22, 2005 to November 17, 2005. Plaintiff submitted four different requests for medical care and made numerous complaints to correctional officers about his condition, including correctional officer Mendoza.

On November 10, 2005, Plaintiff was interviewed by a lieutenant about his medical problems. The lieutenant gave Plaintiff a note and was told to give it to prison staff to alert them about Plaintiff's medical condition. A registered nurse made a call requesting medical attention for Plaintiff's hand. On November 11, 2005, Plaintiff gave the note to Defendant Gamez. Gamez ignored the note.

On November 14, 2005, Plaintiff was examined by Defendant Helen. Helen did not aid Plaintiff because she concluded that Plaintiff was fine. Helen instead "antagonized" Plaintiff and confiscated Plaintiff's "ace bandage." On November 18, 2005, Plaintiff was seen by Defendant Peterson. Peterson prescribed pain medication and a hand splint. On November 28, 2005, Plaintiff spoke with another lieutenant about the lack of medical care. The lieutenant made a phone call and told Plaintiff that his hand split was with the health care department, but could not be delivered until approved.

3

On November 29, 2005, Defendant Drew made a phone call to Defendant Conant after Plaintiff complained about his condition. Conant told Drew that Plaintiff's x-ray was reviewed and it revealed that Plaintiff's hand was not broken. Conant further stated that the hand splint was no longer needed and Plaintiff should instead receive physical therapy.

On December 1, 2005, Plaintiff spoke with "RTA Boatman" about the lack of medical care. Boatman told Plaintiff that the splint was ordered and it was unclear why Plaintiff was not delivered. On December 2, 2005, Plaintiff asked "Ms. Brady psych. tech" to contact the health care department to inquire about his hand split. Plaintiff was told that the splint was available, but could only be delivered by a registered nurse or a doctor. Plaintiff learned that the health care providers on duty that day were Defendants Thomatos and Reich. Plaintiff was taken to the x-ray department later that day. Defendant Helen told Plaintiff that she messed up the first set of x-rays. Plaintiff was told not to work out and to take it easy, in contradiction to her earlier statement that Plaintiff was fine.

On December 4, 2005, Plaintiff asked a sergeant to call the health care department to ask about his splint. Defendant Chang told the sergeant that there was no prescribed splint and Plaintiff did not need one. Plaintiff was told that the only item prescribed was an "ace bandage."

On December 6, 2005, Plaintiff received a hand splint from Boatman.

On December 9, 2005, Plaintiff was seen by Dr. Howard , Boatman, and an unidentified registered nurse. Plaintiff complains that Howard "appeared very agitated with Plaintiff." Howard also told Plaintiff that his first x-rays "couldn't be read right" but it looked like it Plaintiff could have had either a fracture or a pulled ligament.

### III. Discussion

Plaintiff claims that Defendants violated Plaintiff's rights under the Eighth Amendment through their deliberate indifference toward Plaintiff's serious medical needs. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834

(1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

The allegations in Plaintiff's complaint do not rise to the level of deliberate indifference. At most, Plaintiff has alleged that Defendants were negligent and/or incompetent. While Defendants' actions may be sufficient to form the basis of a negligence claim under state law, they are not sufficient support a federal cause of action under section 1983 for the violation of the Eighth Amendment. Plaintiff's chief complaint is that he was not given a hand splint in a timely fashion for the injury to his right hand. Plaintiff alleges that the delivery of his hand splint was delayed because of delays in seeing medical care providers, Defendants did not initially believe Plaintiff needed a hand splint, Defendants "messed up" x-rays of Plaintiff's hand, and/or Defendants mis-read x-rays of Plaintiff's hand. Plaintiff alleges facts that suggest Defendants <u>should have known</u> about Plaintiff's need for a hand splint and other medical treatment because another doctor prescribed it. However, the Eighth Amendment is not violated when a prison official does not believe that a risk exists, even if that belief is unreasonable. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)) ("If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk"). The actions alleged do not rise to the level of deliberate indifference.

Plaintiff also claims that several correctional officers violated his rights under the Eighth Amendment. Plaintiff claims that Defendants Mendoza and Gamez ignored Plaintiff's requests for medical care. Defendant Drew is alleged to have made a call to Defendant Conant, who told Plaintiff that he did not need a hand splint. It is unclear how Mendoza, Gamez, and Drew, who are not alleged to be medical care providers, are liable for Plaintiff's failure to receive proper medical care. Plaintiff attempts to hold them liable because their inaction led to delays in receiving medical attention. However, there is no indication that Mendoza, Gamez, or Drew had actual knowledge that their inaction posed an excessive risk to Plaintiff's health or safety. Plaintiff's own allegations establish that there was a separate system in place for making medical requests and Plaintiff was seen numerous times by medical staff. There is no indication that Mendoza, Gamez, or Drew had actual knowledge that the medical attention that Plaintiff was receiving from the prison's medical care system was inadequate and they had to intervene. Further, Plaintiff provides no indication of what more Mendoza, Gamez, or Drew could or should have done. Plaintiff does not allege that Mendoza,

1 Gamez, or Drew were qualified to provide treatment on their own, nor does Plaintiff allege that
2 Mendoza, Gamez, or Drew had the authority to order health care providers to give Plaintiff his hand
3 splint, or to otherwise provide better medical treatment. Plaintiff fails to state any cognizable claims
4 for the violation of his rights under the Eighth Amendment.

Plaintiff was previously informed about the deficiencies in his claims. (Order Dismissing First Amend. Compl. With Leave to Amend 4:14-7:28.) Plaintiff was specifically informed that his claims do not rise to the level of an Eighth Amendment violation because Defendants did not act with deliberate indifference and that allegations of negligence and/or medical malpractice are not sufficient to state a claim under the Eighth Amendment. Plaintiff was given the relevant legal standards for stating Eighth Amendment claims based on deliberate indifference toward Plaintiff's medical needs. Plaintiff's second amended complaint fails to meaningfully amend Plaintiff's claims in light of the legal standards provided and the deficiencies identified by the Court. As such, the Court finds that Plaintiff's claims are not curable by granting further leave to amend and will recommend that Plaintiff's claims be dismissed with prejudice.

## IV. Conclusion and Order

The Court has screened Plaintiff's second amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff was previously informed of the deficiencies in his Eighth Amendment medical care claims and provided with the appropriate legal standards for stating a cognizable claim. Plaintiff's second amended complaint fails to meaningfully address the deficiencies previously identified by the Court. As such, the Court finds that the deficiencies in Plaintiff's complaint are not capable of being cured by granting further leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) ("district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts"); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) (pro se litigant entitled to an opportunity to amend the complaint to overcome any deficiencies unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment).

///

1      Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's claims be dismissed, with prejudice, for failure to state any claims upon which relief can be granted under section 1983.

     These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **March 17, 2010**                           **/s/ Sandra M. Snyder**
                                                            UNITED STATES MAGISTRATE JUDGE